■ HOLLIS B. COLEY et al., Respondents, v MICHELIN TIRE CORPORATION, Appellant, and ENGLEWOOD TIRE DISTRIBUTORS et al., Respondents. (And Two Third-Party Titles.) — In an action to recover damages for personal injuries predicated upon theories of negligence, products liability and breach of warranties, defendant Michelin Tire Corporation appeals from an order of the Supreme Court, Rockland County (Gurahian, J.), dated June 30, 1981, which denied its motion for summary judgment dismissing the amended complaint and all cross complaints against it. Order reversed, with $50 costs and disbursements, and matter remitted to Special Term for further proceedings consistent herewith. Plaintiffs' time to submit an affidavit is extended until 30 days after service upon them of a copy of the order to be made hereon, with notice of entry. A previous decision of this court permitted Michelin to proceed with written interrogatories of plaintiffs' expert, and further indicated that "the name of plaintiffs' expert need not be disclosed" (*Coley v Michelin Tire Corp.,* 75 AD2d 610, 611). Subsequently, Michelin moved for summary judgment. In opposition, plaintiffs submitted the affidavit of "John Doe" who indicated that he was a licensed, professional engineer. Plaintiffs did this in reliance upon the decision cited above, which they interpreted as meaning that they need not disclose the identity of their expert until commencement of the trial. We interpret the decision otherwise. While pursuant to this court's holding the name of plaintiffs' expert need not have been revealed at the discovery stage, such disclosure is appropriate when the expert's affidavit is submitted in opposition to a motion for summary judgment, pursuant to CPLR 3212, which imposes upon the plaintiffs the obligation to produce all the evidence within their ken, as upon a trial (*Five Boro Elec. Contrs. Assn. v City of New York,* 37 AD2d 807). Therefore, plaintiffs will be given the opportunity to submit an affidavit from a named expert which shall set forth his qualifications as an expert and the evidentiary facts upon which he bases his opinion. Plaintiffs will have time after entry of the order in this case to submit the affidavit, after which Michelin will have the opportunity to respond. Titone, J. P., Bracken, Niehoff and Boyers, JJ., concur.