■ MAXINE MAUST, Individually and as Executrix of JOHN MAUST, Deceased, Respondent, v MARIANNE ARSENEAU, Appellant, et al., Defendants.—Order unanimously reversed, on the law, without costs, and matter remitted to Supreme Court, Ontario County, for further proceedings, in accordance with the following memorandum: Defendant Dr. Arseneau, a board-certified radiologist who examined and evaluated diagnostic X rays of plaintiff's intestate, based her motion for summary judgment in this medical malpractice action upon her own affidavit as a medical expert. She attached to her affidavit and reviewed in detail the decedent's X-ray records before concluding that she "did not deviate from good and accepted medical practices in radiology" and that her interpretation of the X-ray films was "reasonably accurate and correct". Her affidavit dealt fully with the claims raised in the pleadings, contained more than bare, conclusory assertions that she followed good and accepted medical practices in radiology and entitled her to summary judgment *(cf. Winegrad v New York Univ. Med. Center,* 64 NY2d 851). The responding affidavits submitted by plaintiff which made reference to an attached unsigned "expert report" and "notes" of an unidentified expert contained no acceptable medical proof rebutting the conclusion that the defendant was not negligent. Expert opinion evidence from a party defendant in a medical malpractice action which is otherwise sufficient to show entitlement to summary judgment "requires some expert response from plaintiff on the question of alleged deviation from proper and approved medical practice" *(Neuman v Greenstein,* 99 AD2d 1018; *see, Pan v Coburn,* 95 AD2d 670; *Himber v Pfizer Labs.,* 82 AD2d 776, 777). Since plaintiff did not identify her alleged experts, nor reveal their qualifications, this proof cannot be considered to be evidence of the type required to defeat a motion for summary judgment. "[W]here the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure so to do" *(Zuckerman v City*

*of New York,* 49 NY2d 557, 560; *Goldstein v County of Monroe,* 77 AD2d 232, 236; *see also, Amodeo v Radler,* 89 AD2d 594, *affd* 59 NY2d 1001). In our view, Special Term erred in denying defendant's motion for summary judgment.

Since it is apparent from the record that plaintiff relied in good faith on the belief that she was not required to identify her experts and that the material she submitted was "some expert response" to defendants' affidavit, rather than granting defendants' motion, we remit the matter to Special Term for further proceedings to give plaintiff the opportunity to submit proof from a "named expert which shall set forth his qualifications as an expert and the evidentiary facts upon which he bases his opinion" *(Coley v Michelin Tire Corp.,* 88 AD2d 651). Accordingly, plaintiff's time to submit such proof, if she is so advised, is extended until 30 days after service upon her of a copy of the order to be made herein with notice of entry and defendant Arseneau shall be granted a reasonable opportunity to respond. (Appeal from order of Supreme Court, Ontario County, Mastrella, J.—summary judgment.) Present—Dillon, P. J., Denman, Green, O'Donnell and Schnepp, JJ.