■ DIANE TOOMEY et al., Respondents-Appellants, v ADIRONDACK SURGICAL ASSOCIATES, P. C., et al., Appellants-Respondents. [720 NYS2d 229] —Mugglin, J. Cross appeals from an order of the Supreme Court (Moynihan, Jr., J.), entered December 21, 1999 in Warren County, which, *inter alia*, denied plaintiffs' cross motion for partial summary judgment on the issue of liability and defendants' cross motion for summary judgment dismissing the complaint.

In this medical malpractice action, plaintiffs allege that defendants Louis P. Decunzo, Jr. and Adirondack Surgical Associates, P. C. deviated from accepted standards of medical care during a surgical procedure on plaintiff Diane Toomey (hereinafter plaintiff) by severing plaintiff's common bile duct while performing a laparoscopic cholecystectomy. Additionally, in plaintiffs' bill of particulars it is alleged that Decunzo negligently performed a choledochoduodenostomy, resulting in a stricture of plaintiff's common bile duct.

In response to defendants' motion for an order of preclusion, plaintiffs cross-moved for summary judgment on the issue of liability. In support of the cross motion, plaintiffs submitted an attorney's affidavit and copies of the pleadings and the medical records of Adirondack Surgical. Plaintiffs argue that these records establish Decunzo's malpractice as the result of his note therein which stated that "her common bile duct was inadvert-.ently divided," the use of the term "inadvertent" establishing that the transection of the common bile duct was a deviation from acceptable medical standards.

The proponent of a motion for summary judgment is required to establish a prima facie entitlement to judgment as a matter of law by tendering sufficient, competent, admissible evidence demonstrating the absence of any genuine issue of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). The burden shifts to the opponent to come forward with appropriate evidentiary material establishing the existence of a triable issue of fact if, and only if, the proponent of the motion for summary judgment establishes a prima facie entitlement through the submission of appropriate and sufficient evidence (*see, id.*, at 324). In our view, plaintiffs failed to shift the burden to defendants since no

expert medical affidavit was submitted demonstrating that the inadvertent transection of the common bile duct during the performance of a laparoscopic cholecystectomy was a deviation from good and accepted medical practice by a general and thoracic surgeon (*cf., Conti v Albany Med. Ctr. Hosp.,* 159 AD2d 772, 775, *lv denied* 76 NY2d 702). Therefore, Supreme Court appropriately denied plaintiffs' motion for summary judgment on the issue of liability.

Turning to defendants' cross motion for summary judgment dismissing plaintiffs' complaint, we note that it is supported by Decunzo's own affidavit in which he claims that injury to the common bile duct is a well-recognized complication of a cholecystectomy procedure and even more common when the procedure is performed laparoscopically. Further, Decunzo asserted that injuries to the common bile duct can and do occur with entirely appropriate surgical care.

The affidavit of a defendant physician may be sufficient to establish a prima facie entitlement to summary judgment where the affidavit is detailed, specific and factual in nature and does not assert in simple conclusory form that the physician acted within the accepted standards of medical care (*see, Sloane v Repsher,* 263 AD2d 906, 908; *Machac v Anderson,* 261 AD2d 811, 812; *Kelly v St. Peter's Hospice,* 160 AD2d 1123, 1124). We conclude that this affidavit meets this standard and was sufficient to shift the burden to plaintiffs to establish the existence of a triable issue of fact.

In opposition to the cross motion, plaintiffs submitted an expert's medical affidavit which asserted that a properly performed laparoscopic cholecystectomy would not include the cutting of the common bile duct and concluded that the cutting of the common bile duct by Decunzo during this operation was a deviation from accepted medical standards and constituted an act of medical malpractice. In our view, this affidavit sufficiently creates a triable issue of fact and Supreme Court correctly denied this portion of defendants' cross motion.

We reach a different conclusion with respect to that portion of defendants' cross motion which addresses plaintiffs' contention that Decunzo negligently performed the choledochoduodenostomy. Here, Decunzo avers that plaintiff could not have suffered a stricture in her common bile duct due to the choledochoduodenostomy because her biliary function and liver enzymes were normal postoperatively. Decunzo opined that such a stricture may occur later due to scar tissue development despite an operative procedure performed within the accepted standards of medical care. In opposition, plaintiffs have failed

to submit any evidence which rebuts defendants' prima facie showing that the choledochoduodenostomy was performed within the accepted standards of medical care. Thus, Supreme Court erred when it failed to grant partial summary judgment to defendants with respect to this issue.

Crew III, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' cross motion for summary judgment with respect to the performance of the choledochoduodenostomy; cross motion granted to that extent, partial summary judgment awarded to defendants and said claim dismissed; and, as so modified, affirmed.