■ JUDITH SUIB et al., Respondents, v MICHAEL KELLER, Appellant. [774 NYS2d 608]—

Kane, J. Appeal from an order of the Supreme Court (Connor, J.), entered April 9, 2003 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Defendant, a licensed podiatrist, treated plaintiff Judith Suib (hereinafter plaintiff) for problems with her right foot. After plaintiff terminated treatment with defendant, plaintiffs commenced this action for podiatric malpractice. Defendant moved for summary judgment, supported by counsel's affidavit, the pleadings and defendant's affidavit. That affidavit, submitted by defendant as a party and an expert, recited the factual litany of his treatment for plaintiff and his opinions that plaintiff has a progressive disease which would account for her continuing problems, that he properly diagnosed plaintiff's problems, that he properly performed surgery, and that he did not depart from accepted standards of care. Plaintiffs did not respond to the motion. Supreme Court denied defendant's motion because it found defendant's own affidavit insufficient to establish entitlement to summary judgment, and because plaintiffs could still provide expert medical proof as long as expert disclosure is made before filing of the note of issue, pursuant to CPLR 3101 (d) and the Third Judicial District's expert disclosure rule. On defendant's

appeal, plaintiffs appeared pro se by a letter indicating their intent to proceed with the action.

Defendant was entitled to summary judgment. "In a medical malpractice action, the physician's burden on a motion for summary judgment can be met by the submission of affidavits and/or deposition testimony and medical records which rebut plaintiff's claim of [medical] malpractice with factual proof" (*Horth v Mansur*, 243 AD2d 1041, 1042 [1997] [citation omitted]). Plaintiffs must then rebut defendant's showing by demonstrating, typically through expert medical opinion, a deviation from accepted practice and that the deviation was a proximate cause of the injury (*see Giambona v Stein*, 265 AD2d 775, 776 [1999]). "The affidavit of a defendant physician may be sufficient to establish a prima facie entitlement to summary judgment where the affidavit is detailed, specific and factual in nature and does not assert in simple conclusory form that the physician acted within the accepted standards of medical care" (*Toomey v Adirondack Surgical Assoc.*, 280 AD2d 754, 755 [2001] [citations omitted]; *see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Machac v Anderson*, 261 AD2d 811, 812-813 [1999]; *Kelly v St. Peter's Hospice*, 160 AD2d 1123, 1124 [1990]). Defendant's affidavit details his treatment of plaintiff over several years, including his diagnoses and recommendations, along with his opinion, based on those facts, that he followed accepted medical practice in his treatment. That affidavit was sufficient to create a prima facie entitlement to summary judgment (*see Sloane v Repsher*, 263 AD2d 906, 908 [1999]; *Kelly v St. Peter's Hospice, supra* at 1124), which plaintiffs failed to rebut. Accordingly, Supreme Court should have granted defendant's motion.

It is irrelevant that CPLR 3101 (d) and court rules provide additional time for expert disclosure. The statute and rules did not relieve plaintiffs of the obligation to respond to defendant's motion with expert medical proof sufficient to create issues of fact regarding medical malpractice.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, and complaint dismissed.