# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**900**

**CA 10-02148**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

JOSEPH MORAN AND ROSE MARIE MORAN,
PLAINTIFFS-RESPONDENTS,

V                                                MEMORANDUM AND ORDER

JOSEPH L. MUSCARELLA, JR., D.O., BUFFALO ENT
SPECIALISTS, LLP, DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (GREGORY T. MILLER OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

GELBER & O'CONNELL, LLC, AMHERST (HERSCHEL GELBER OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered May 19, 2010 in a medical malpractice action. The order denied the motion of defendants Joseph L. Muscarella, Jr., D.O. and Buffalo ENT Specialists, LLP for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed in its entirety.

Memorandum:  In this medical malpractice action, defendants-appellants (hereafter, defendants), the sole remaining defendants, appeal from an order denying their motion for summary judgment dismissing the complaint against them.  The underlying facts are set forth in *Moran v Muscarella* (85 AD3d 1579), and we shall not repeat them here.  We conclude that Supreme Court erred in denying defendants' motion inasmuch as they met their initial burden and plaintiffs failed to raise a triable issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). The opinions of plaintiffs' experts were based on speculation or unsupported by competent evidence and thus were insufficient to raise a triable issue of fact (*see Caulkins v Vicinanzo*, 71 AD3d 1224, 1226).

Here, defendants established as a matter of law that the care provided to Joseph Moran (plaintiff) by defendant Joseph L. Muscarella, Jr., D.O. was within the standards of acceptable medical care and in any event was not a proximate cause of plaintiff's injuries (*see generally Humphrey v Gardner*, 81 AD3d 1257).  With

respect to the absence of proximate cause, we note that defendants submitted evidence establishing that, before the surgery in question, plaintiff suffered from carpal tunnel syndrome, multi-level disc degeneration and herniation with foraminal stenosis, and plaintiffs' experts did not address those preexisting conditions. We do not address plaintiffs' theory of liability that the length of plaintiff's surgery was excessive inasmuch as it was raised for the first time in opposition to defendants' motion, i.e., based on the statement of one of plaintiffs' experts in an affirmation that the injury to plaintiff's spine was "more likely than not a result of the . . . length of time he remained in [the] position" in which he was placed during the surgery (*see Darrisaw v Strong Mem. Hosp.*, 74 AD3d 1769, 1770, *affd* 16 NY3d 729).

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court