# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1266**

**CA 14-02242**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

JEFFREY WEBB, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

THOMAS S. SCANLON, M.D., FACP,
DEFENDANT-RESPONDENT.

---

JUSTIN S. WHITE, WILLIAMSVILLE, FOR PLAINTIFF-APPELLANT.

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (J. MARK GRUBER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered September 29, 2014. The order granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action alleging that defendant, his primary care physician, was negligent in prescribing him various pain medications to treat pain that plaintiff reported experiencing in his arm and shoulder. Although plaintiff admits that he falsified symptoms so that he could obtain the pain medication prescriptions from defendant, the complaint, as amplified by the bill of particulars, alleges, inter alia, that defendant should have performed diagnostic testing to determine whether plaintiff actually needed the medications. We conclude that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.

In order to meet his initial burden on his summary judgment motion in this medical malpractice action, defendant was required to "present factual proof, generally consisting of affidavits, deposition testimony and medical records, to rebut the claim of malpractice by establishing that [he] complied with the accepted standard of care or did not cause any injury to the patient" (*Cole v Champlain Val. Physicians' Hosp. Med. Ctr*., 116 AD3d 1283, 1285; *see Lake v Kaleida Health*, 59 AD3d 966, 966). A defendant physician may submit his or her own affidavit to meet that burden, but that affidavit must be "detailed, specific and factual in nature" (*Toomey v Adirondack Surgical Assoc*., 280 AD2d 754, 755; *see Cole*, 116 AD3d at 1285), and must "address each of the specific factual claims of negligence raised in [the] plaintiff's bill of particulars" (*Wulbrecht v Jehle*, 89 AD3d

1470, 1471 [internal quotation marks omitted]).

Here, in support of his motion, defendant submitted plaintiff's deposition testimony in which plaintiff admitted that he lied to defendant about his subjective complaints of pain in order to "manipulate[ defendant] into prescribing drugs" for him. Defendant also submitted his own affidavit, with accompanying medical records, wherein he described his physical examinations of plaintiff and plaintiff's complaints of pain and reduced range of motion. Defendant opined that his treatment of plaintiff complied with the accepted standard of medical care because he performed physical examinations when they were called for, plaintiff was instructed on the medication's proper use when prescribed, and the medications were properly prescribed based upon plaintiff's history, his complaints, and the physical examinations performed by defendant and other physicians. Defendant's affidavit was sufficiently detailed and specific, and defendant thus established his entitlement to judgment as a matter of law (*see Suib v Keller*, 6 AD3d 805, 806; *Toomey*, 280 AD2d at 755). In order to raise an issue of fact to defeat defendant's motion, plaintiff was required to submit "evidentiary facts or materials to rebut the prima facie showing by the defendant physician" beyond mere "[g]eneral allegations of medical malpractice" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325). It is well settled that "[e]xpert opinion evidence from a party defendant in a medical malpractice action which is otherwise sufficient to show entitlement to summary judgment 'requires some expert response from plaintiff on the question of alleged deviation from proper and approved medical practice' " (*Maust v Arseneau*, 116 AD2d 1012, 1012; *see Bills v Africano*, 132 AD2d 935, 935). Here, plaintiff failed to submit the requisite expert medical response in opposition to the motion (*see Maust*, 116 AD2d at 1012; *see also Brown v Soldiers & Sailors Mem. Hosp.*, 193 AD2d 1077, 1078), and "[t]he affidavit of plaintiff's attorney was insufficient to raise a triable issue of fact" (*Bills*, 132 AD2d at 935).

Entered: November 20, 2015                    Frances E. Cafarell
                                              Clerk of the Court