Boland v Imboden (2018 NY Slip Op 05081)





Boland v Imboden


2018 NY Slip Op 05081


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, AND WINSLOW, JJ.


471 CA 17-01931

[*1]LINDSAY BOLAND, PLAINTIFF-RESPONDENT,
v
LINDA IMBODEN, M.D., ET AL., DEFENDANTS, AND SUSAN E. STRED, M.D., DEFENDANT-APPELLANT. 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (JAMES D. LANTIER OF COUNSEL), FOR DEFENDANT-APPELLANT.
COTE & VAN DYKE, LLP, SYRACUSE (JOSEPH S. COTE, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered March 24, 2017. The order, insofar as appealed from, denied the motion of defendant Susan E. Stred, M.D., for summary judgment dismissing the complaint against her. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed against defendant Susan E. Stred, M.D.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained as a result of defendants' failure to timely diagnose her thyroid cancer. According to plaintiff, Susan E. Stred, M.D. (defendant), a pediatric endocrinologist, was negligent in failing to properly evaluate enlarged lymph nodes in plaintiff's neck and to recommend a biopsy. Defendant consulted with plaintiff's pediatrician in the treatment of plaintiff's thyroid condition, and saw plaintiff once after she had been diagnosed with Hashimoto's thyroiditis. On appeal, defendant contends that Supreme Court erred in denying her motion for summary judgment dismissing the complaint against her. We agree.
In order to meet the initial burden on her motion, defendant was required to "present factual proof, generally consisting of affidavits, deposition testimony and medical records, to rebut the claim of malpractice by establishing that [she] complied with the accepted standard of care or did not cause injury to the patient" (Cole v Champlain Val. Physicians' Hosp. Med. Ctr., 116 AD3d 1283, 1285 [3d Dept 2014]; see Webb v Scanlon, 133 AD3d 1385, 1386 [4th Dept 2015]). "A defendant physician may submit his or her own affidavit to meet that burden, but that affidavit must be detailed, specific and factual in nature' " (Webb, 133 AD3d at 1386), and must "address each of the specific factual claims of negligence raised in [the] plaintiff's bill of particulars" (Wulbrecht v Jehle, 89 AD3d 1470, 1471 [4th Dept 2011] [internal quotation marks omitted]).
In support of her motion, defendant submitted the affidavit of her medical expert in which the expert addressed the claim of negligence raised by plaintiff. The expert explained that, in cases where a patient suffers from both Hashimoto's thyroiditis and thyroid cancer, the cancer usually manifests as a discrete nodule within the thyroid gland, which was not how plaintiff's cancer manifested. Defendant also submitted her own affidavit, with accompanying medical records, wherein she averred that she informed plaintiff that there was no connection between plaintiff's swollen lymph nodes and her Hashimoto's disease, and recommended that plaintiff undergo a further evaluation of her enlarged lymph nodes. Based on those facts, both defendant and defendant's expert opined that defendant had fully conformed with the applicable standard of care. Defendant's affidavit and the affidavit of her expert were sufficiently detailed, specific and factual in nature, and we therefore conclude that defendant established her prima facie [*2]entitlement to judgment as a matter of law (see Suib v Keller, 6 AD3d 805, 806 [3d Dept 2004]; Toomey v Adirondack Surgical Assoc., 280 AD2d 754, 755 [3d Dept 2001]).
In response, plaintiff failed to raise a triable issue of fact to defeat the motion. Although plaintiff submitted the affidavit of a medical expert, the expert's opinion was speculative, conclusory and "unsupported by competent evidence tending to establish the essential elements of medical malpractice" (Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]). Plaintiff's expert failed to explain the accepted medical practice from which defendant allegedly deviated, and also failed to address the assertion of defendant's expert regarding the manner in which thyroid cancer presents in patients with Hashimoto's thyroiditis. Thus, we reverse the order insofar as appealed from, grant defendant's motion, and dismiss the complaint against her.
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court