Nevarez v University of Rochester (2019 NY Slip Op 04550)





Nevarez v University of Rochester


2019 NY Slip Op 04550


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.


185 CA 18-00946

[*1]MARIA NEVAREZ, PLAINTIFF-APPELLANT,
v
UNIVERSITY OF ROCHESTER, STRONG MEMORIAL HOSPITAL, AND ANNETTE E. SESSIONS, M.D., DEFENDANTS-RESPONDENTS. 






NEVAREZ AND NEVAREZ, ROCHESTER (JUAN A. NEVAREZ OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
WARD GREENBERG HELLER & REIDY LLP, ROCHESTER (DANIEL P. PURCELL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment and order (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered February 14, 2018. The judgment and order, among other things, granted defendants' motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the judgment and order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries sustained by plaintiff during a transurethral resection of a tumor. Supreme Court granted defendants' motion for summary judgment dismissing the complaint. We affirm.
"It is well settled that, on a motion for summary judgment, a defendant in a medical malpractice action bears the initial burden of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff's injuries" (Bagley v Rochester Gen. Hosp., 124 AD3d 1272, 1273 [4th Dept 2015]). "A defendant physician may submit his or her own affidavit to meet that burden, but that affidavit must be detailed, specific and factual in nature' . . . , and must address each of the specific factual claims of negligence raised in [the] plaintiff's bill of particulars' " (Webb v Scanlon, 133 AD3d 1385, 1386 [4th Dept 2015]). Here, defendants submitted the affidavit of defendant Annette E. Sessions, M.D., which addressed each of plaintiff's claims of negligence. Sessions's affidavit satisfied defendants' initial burden by establishing both that the defendants did not deviate or depart from the applicable standard of care and that any alleged departure did not cause any injury to plaintiff.
Contrary to plaintiff's contention, she failed to raise a triable issue of fact. "[E]xpert opinion evidence from a party defendant in a medical malpractice action which is otherwise sufficient to show entitlement to summary judgment requires some expert response from plaintiff on the question of alleged deviation from proper and approved medical practice" (Webb, 133 AD3d at 1387 [internal quotation marks omitted]). In opposition to defendants' motion, plaintiff submitted affidavits from two medical experts. Even assuming, arguendo, that both medical experts adequately set forth a foundation to support the reliability of their opinions (see Chillis v Brundin, 150 AD3d 1649, 1650 [4th Dept 2017]), we conclude that " the expert[s'] ultimate assertions are speculative' " and those opinions therefore have no probative value and are insufficient to raise an issue of fact (Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017]; see Golden v Pavlov-Shapiro, 138 AD3d 1406, 1406 [4th Dept 2016], lv denied 28 NY3d 913 [2017]; Moran v Muscarella, 87 AD3d 1299, 1300 [4th Dept 2011]). Both of plaintiff's medical expert affidavits pre-date defendants' motion by approximately 5 years, and were previously submitted in opposition to an earlier motion to dismiss the complaint. Consequently, neither [*2]affidavit addresses Sessions's opinions regarding notes in plaintiff's medical records that were made after the expert affidavits were drafted. Nor do the affidavits of plaintiff's experts address the opinions that Sessions gave during her deposition with respect to plaintiff's post-operative care, and with respect to proximate cause, i.e., that plaintiff's urinary symptoms existed prior to the surgery/treatment and there is no medical evidence establishing that any of the symptoms have worsened after the surgery/treatment. We thus conclude that the affidavits of plaintiff's experts are "entirely conclusory in nature and lack[] any details[,] and thus [are] insufficient to raise the existence of a triable factual issue concerning medical malpractice" (Macaluso v Pilcher, 145 AD3d 1559, 1561 [4th Dept 2016] [internal quotation marks omitted]). Contrary to plaintiff's remaining contention, the affidavits and deposition transcripts of plaintiff and her mother do not constitute an "expert medical response" to defendants' submissions and are therefore insufficient to raise a triable question of fact (Webb, 133 AD3d at 1387).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court