Dickinson v Bassett Healthcare (2019 NY Slip Op 04610)





Dickinson v Bassett Healthcare


2019 NY Slip Op 04610


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


1305 CA 18-01107

[*1]ROBERT BERNARD DICKINSON, PLAINTIFF-RESPONDENT,
v
BASSETT HEALTHCARE, MARSHALL E. PEDERSEN, JR., M.D., PATRICK DIETZ, M.D., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD, P.C., ALBANY (ADAM H. COOPER OF COUNSEL), FOR DEFENDANTS-APPELLANTS BASSETT HEALTHCARE, AND PATRICK DIETZ, M.D. 
NAPIERSKI, VANDENBURGH, NAPIERSKI & O'CONNOR, LLP, ALBANY (JOHN W. VANDENBURGH OF COUNSEL), FOR DEFENDANT-APPELLANT MARSHALL E. PEDERSEN, JR., M.D.
ROBERT F. JULIAN, P.C., UTICA (ROBERT F. JULIAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeals from an order of the Supreme Court, Herkimer County (Norman I. Siegel, J.), entered November 21, 2017. The order, insofar as appealed from, denied in part the motion of defendant Marshall E. Pedersen, Jr., M.D., for summary judgment dismissing the complaint against him and denied in part the motion of defendants Bassett Healthcare and Patrick Dietz, M.D., for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is modified on the law by granting those parts of the motion of defendants Bassett Healthcare and Patrick Dietz, M.D., for summary judgment dismissing the complaint in its entirety against Patrick Dietz, M.D., and for summary judgment dismissing the complaint, as amplified by the bill of particulars, insofar as it asserts a claim of vicarious liability against Bassett Healthcare based on the alleged malpractice of Patrick Dietz, M.D., and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained as a result of malpractice on the part of Patrick Dietz, M.D., and Marshall E. Pedersen, Jr., M.D., employees of Bassett Healthcare (collectively, defendants). Defendants appeal from an order insofar as it denied in part their respective motions for summary judgment dismissing the complaint against them.
A defendant in a medical malpractice action meets its initial burden on summary judgment by presenting " factual proof, generally consisting of affidavits, deposition testimony and medical records, to rebut the claim of malpractice by establishing that [he or she] complied with the accepted standard of care or did not cause any injury to the patient' " (Webb v Scanlon, 133 AD3d 1385, 1386 [4th Dept 2015]; see Cole v Champlain Val. Physicians' Hosp. Med. Ctr., 116 AD3d 1283, 1285 [3d Dept 2014]). Here, defendants established on their respective motions both the absence of a departure from the relevant standard of care and the absence of causation, and thus plaintiff was "required to raise a triable issue of fact as to both of those elements" (Swanson v Raju, 95 AD3d 1105, 1107 [2d Dept 2012]).
In opposition to the motions, plaintiff submitted the affirmation of his expert, which raised an issue of fact whether Dr. Pedersen departed from accepted medical practice by causing an injury to plaintiff's iliac vein that narrowed the lumen and contributed to the formation of a thrombus. Supreme Court thus properly denied those parts of defendants' respective motions for [*2]summary judgment dismissing the complaint, as amplified by the bill of particulars, insofar as it asserts "claims against Dr. Pedersen surrounding the surgical procedure only" and asserts a claim of vicarious liability against Bassett Healthcare based on the alleged malpractice of Dr. Pedersen (see generally Groff v Kaleida Health, 161 AD3d 1518, 1521 [4th Dept 2018]).
We agree with Bassett Healthcare and Dr. Dietz, however, that the court should have granted those parts of their motion for summary judgment dismissing the complaint in its entirety against Dr. Dietz and for summary judgment dismissing the complaint, as amplified by the bill of particulars, insofar as it asserts a claim of vicarious liability against Bassett Healthcare based on the alleged malpractice of Dr. Dietz, and we therefore modify the order accordingly. In opposition to their motion, plaintiff's expert did not opine that Dr. Dietz caused the iliac vein injury and instead opined that Dr. Dietz deviated from the standard of care by insufficiently examining or testing the iliac vein following Dr. Pedersen's repair. Inasmuch as plaintiff's expert did not indicate the possible results of any such examination or testing, whether those results should have prompted a different course of treatment, or how Dr. Dietz's alleged departure from the standard of care otherwise caused plaintiff's injury, plaintiff failed to raise an issue of fact as to causation regarding Dr. Dietz (see generally Webb, 133 AD3d at 1387).
All concur except Whalen, P.J., and Peradotto, J., who dissent in part and vote to reverse the order insofar as appealed from in accordance with the following memorandum: We respectfully dissent in part inasmuch as we agree with defendants-appellants that the opposing affirmation of plaintiff's expert is conclusory and insufficient to raise a triable issue of material fact whether the alleged malpractice of defendant Marshall E. Pedersen, Jr., M.D., was a proximate cause of plaintiff's claimed injuries (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Matos v Schwartz, 104 AD3d 650, 652 [2d Dept 2013]). Plaintiff's expert "failed to articulate, in a nonconclusory fashion" that plaintiff's claimed injuries would not have occurred absent the alleged malpractice of Dr. Pedersen (Goldsmith v Taverni, 90 AD3d 704, 705 [2d Dept 2011]; see generally Diaz, 99 NY2d at 544; Matos, 104 AD3d at 652). The expert failed to address the potential causal relationship, raised by Dr. Pedersen in support of his motion for summary judgment, linking plaintiff's preoperative risk factors or the postoperative treatment of plaintiff to his development of a deep vein thrombosis two days after the surgery and the alleged complications resulting from that thrombosis. We would therefore reverse the order insofar as appealed from and grant defendants' respective motions for summary judgment dismissing the complaint against them in its entirety.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court