Isensee v Upstate Orthopedics, LLP (2019 NY Slip Op 05928)





Isensee v Upstate Orthopedics, LLP


2019 NY Slip Op 05928


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


681 CA 19-00231

[*1]CYNTHIA ISENSEE AND GARY ISENSEE, PLAINTIFFS-APPELLANTS,
v
UPSTATE ORTHOPEDICS, LLP, ORTHOPEDIC MEDICAL SERVICE GROUP, AND RICHARD TALLARICO, M.D., DEFENDANTS-RESPONDENTS. 






MANNION & COPANI, SYRACUSE (GABRIELLE MARDANY HOPE OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
GALE GALE & HUNT, LLC, FAYETTEVILLE (MAX D. GALE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered June 25, 2018. The order granted the motion of defendants for summary judgment and dismissed the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this medical malpractice action, plaintiffs appeal from an order granting defendants' motion for summary judgment dismissing the amended complaint. We affirm.
"[T]o meet [their] initial burden on [their] summary judgment motion in this medical malpractice action, defendant[s] [were] required to present factual proof, generally consisting of affidavits, deposition testimony and medical records, to rebut the claim of malpractice by establishing that [they] complied with the accepted standard of care or did not cause any injury to the
patient' " (Webb v Scanlon, 133 AD3d 1385, 1386 [4th Dept 2015]; see Cole v Champlain Val. Physicians' Hosp. Med. Ctr., 116 AD3d 1283, 1285 [3d Dept 2014]). Affidavits submitted in support of such a motion must be "detailed, specific and factual in nature and [must] not assert in simple conclusory form that the physician acted within the accepted standards of medical care" (Toomey v Adirondack Surgical Assoc., 280 AD2d 754, 755 [3d Dept 2001]). In addition, the expert affidavit must "address each of the specific factual claims of negligence raised in [the] plaintiff[s'] bill of particulars" (Larsen v Banwar, 70 AD3d 1337, 1338 [4th Dept 2010]; see James v Wormuth, 74 AD3d 1895, 1895 [4th Dept 2010]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Contrary to plaintiffs' contention, defendants submitted the affidavit of a qualified expert. In his affidavit, the expert established that he was "possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted [and his] opinion rendered is reliable" (Matott v Ward, 48 NY2d 455, 459 [1979]; see Lopez v Gramuglia, 133 AD3d 424, 424 [1st Dept 2015]). Contrary to plaintiffs' further contention, defendants' expert affidavit was not conclusory because it addressed each of the specific factual claims of negligence raised in plaintiffs' bill of particulars, and defendants therefore met their initial burden with respect to both whether they complied with the accepted standard of care and whether they caused any injury (see Toomey, 280 AD2d at 755; cf. Winegrad, 64 NY2d at 852-853; James, 74 AD3d at 1895; Larsen, 70 AD3d at 1338).
Thus, because defendants met their burden on both compliance with the accepted standard of care and proximate cause, the burden shifted to plaintiffs to raise triable issues of fact by submitting an expert's affidavit both attesting to a departure from the accepted standard of care and that defendants' departure from that standard of care was a proximate cause of the injury (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325 [1986]; Groff v Kaleida Health, 161 AD3d 1518, 1521 [4th Dept 2018]; Webb, 133 AD3d at 1386-1387). Plaintiffs, however, failed to submit an expert affidavit in opposition. Therefore, Supreme Court properly granted defendants' motion.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court