Dziwulski v Tollini-Reichert (2020 NY Slip Op 01737)





Dziwulski v Tollini-Reichert


2020 NY Slip Op 01737


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., CURRAN, WINSLOW, AND DEJOSEPH, JJ.


40 CA 19-00675

[*1]LAUREN D. DZIWULSKI, PLAINTIFF-RESPONDENT,
v
LISA TOLLINI-REICHERT, M.D., DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (KARA M. EYRE OF COUNSEL), FOR DEFENDANT-APPELLANT.
BROWN CHIARI LLP, BUFFALO (MICHAEL R. DRUMM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered April 1, 2019. The order denied the motion of defendant Lisa Tollini-Reichert, M.D. for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed against defendant Lisa Tollini-Reichert, M.D.
Memorandum: Plaintiff commenced this medical malpractice action alleging, inter alia, that Lisa Tollini-Reichert, M.D. (defendant) was negligent in the care and treatment that she rendered to plaintiff and that, as a result of the negligence, plaintiff suffered serious and permanent injuries, including cardiopulmonary failure, congestive heart failure, and viral myocarditis. Defendant appeals from an order denying her motion for summary judgment dismissing the complaint against her.
We agree with defendant that Supreme Court erred in denying her motion inasmuch as she met her initial burden of establishing the absence of any departure from good and accepted medical practice and that any departure was not the proximate cause of plaintiff's injuries (see Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The medical expert's affidavit submitted by defendant in support of her motion was "detailed, specific and factual in nature" (Toomey v Adirondack Surgical Assoc., 280 AD2d 754, 755 [3d Dept 2001]) and
" address[ed] each of the specific factual claims of negligence raised in [the] plaintiff's bill of particulars' " (Webb v Scanlon, 133 AD3d 1385, 1386 [4th Dept 2015]; see Bubar, 177 AD3d at 1360-1361). Specifically, we agree with defendant that the court erred in concluding that defendant's medical expert did not address plaintiff's allegation that defendant failed to admit plaintiff to a hospital. Defendant's medical expert opined that, "[g]iven [plaintiff's] history and presentation, there were no further tests, consultations, or treatment that [defendant] should have, but failed to, recommend." In our view, the medical expert's opinion that no further tests, consultations, or treatment were indicated necessarily means that transfer to a hospital was not indicated.
The affidavit of plaintiff's medical expert failed to raise a triable issue of fact in opposition inasmuch as the affidavit itself lacked a proper foundation for consideration (see Luu v Paskowski, 57 AD3d 856, 858 [2d Dept 2008]; Wilson v Buffa, 294 AD2d 357, 358 [2d Dept 2002], lv denied 98 NY2d 611 [2002]; see also Keller v Liberatore, 134 AD3d 1495, 1496 [4th Dept 2015]). Notably, plaintiff's expert failed to state whether he or she reviewed the bill of particulars, the deposition testimony, or the affidavit of defendant's medical expert. We therefore reverse the order, grant the motion, and dismiss plaintiff's complaint against defendant.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court