Susan Filoteo, Appellant,
against
Assisi Veterinary Hospital and Dr. Ricarlos Guzman, Respondents. 




Susan Filoteo, appellant pro se.
Connick, Myers, Mcnamee & Fitzgerald, PLLC (Taryn M. Fitzgerald of counsel), for respondents.

Appeal from an order of the District Court of Nassau County, First District (Ignatius L. Muscarella, J.), dated October 18, 2018. The order granted defendants' motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, without costs.
In this veterinary malpractice action, plaintiff alleged that she had brought her dog to defendants for treatment of a cough and that, as a result of defendants' negligent treatment, her dog suffered renal failure and was hospitalized for an extended period.
In support of their motion for summary judgment dismissing the complaint, defendants submitted the affidavit of defendant Dr. Ricarlos Guzman, who set forth why defendants' treatment and care of plaintiff's dog was in accordance with good and accepted veterinary practice. Contrary to plaintiff's contention, the affidavit of Dr. Guzman was sufficient to establish defendants' prima facie entitlement to summary judgment, notwithstanding that he is a defendant in this action (see Toomey v Adirondack Surgical Assoc., 280 AD2d 754, 755 [2001]). 
In opposition to defendants' motion, plaintiff submitted inadmissible portions of medical records from her dog's subsequent treatment by a nonparty veterinarian. However, plaintiff failed to provide an affidavit from any expert to support her allegations of veterinary malpractice. While expert testimony may be dispensed with in veterinary malpractice actions "where the very nature of the acts complained of bespeaks improper treatment and malpractice" (Adesso v Long Is. Veterinary Specialists, 43 Misc 3d 131[A], 2014 NY Slip Op 50611[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014] [internal quotation marks omitted]), this is not such an action. Since plaintiff failed to provide an affidavit from an expert who had reviewed the medical records and opined that the course of defendants' care and treatment of her dog departed from the standard of care of accepted veterinary practice, and that such departure was a proximate cause of the injury, plaintiff failed to rebut defendants' prima facie showing to demonstrate the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Stukas v Streiter, 83 AD3d 18, 30 [2011]).
Accordingly, the order is affirmed.
GARGUILO, J.P., ADAMS and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 16, 2020