Nesterenko v Hall (2025 NY Slip Op 03438)

Nesterenko v Hall

2025 NY Slip Op 03438

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

270 CA 24-01080

[*1]VLADIMIR NESTERENKO, PLAINTIFF-APPELLANT,
v
BURR W. HALL, M.D., DEFENDANT-RESPONDENT. 

VLADIMIR NESTERENKO, PLAINTIFF-APPELLANT PRO SE.
BROWN, GRUTTADARO & PRATO, LLC, ROCHESTER (MICHAEL E. HOUCK OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Kevin M. Nasca, J.), entered December 12, 2023. The order and judgment granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this medical malpractice action, plaintiff, pro se, appeals from an order and judgment that granted defendant's motion for summary judgment dismissing the complaint. We affirm.
Plaintiff contends that Supreme Court erred in granting the motion with respect to his cause of action for the allegedly negligent monitoring of an implantable cardioverter-defibrillator (ICD) unit. We reject that contention. Defendant met his initial burden of establishing his entitlement to judgment as a matter of law on both deviation and causation by submitting his own expert affidavit, which was detailed, specific and factual in nature, opining that he did not deviate from good and accepted medical practice and that his care and treatment of plaintiff did not proximately cause any injury (see Wicks v Virk, 198 AD3d 1315, 1315 [4th Dept 2021]; Webb v Scanlon, 133 AD3d 1385, 1386 [4th Dept 2015]; see also Toomey v Adirondack Surgical Assoc., 280 AD2d 754, 755 [3d Dept 2001]). The burden then shifted to plaintiff " 'to raise triable issues of fact by submitting an expert's affidavit both attesting to a departure from the accepted standard of care and that defendant['s] departure from that standard of care was a proximate cause of the [alleged] injur[ies]' " (Ziemendorf v Chi, 207 AD3d 1157, 1157-1158 [4th Dept 2022]; see Webb, 133 AD3d at 1387). By not "submit[ting] the requisite expert medical response in opposition to the motion . . . [plaintiff failed] to raise a triable issue of fact" (Webb, 133 AD3d at 1387; see Maust v Arseneau, 116 AD2d 1012, 1012 [4th Dept 1986]).
Plaintiff further contends that the court erred in granting the motion with respect to his cause of action for failure to obtain informed consent. We reject that contention. Defendant met his initial burden of establishing his entitlement to judgment as a matter of law by submitting his own expert affidavit, demonstrating that he informed plaintiff of the risks associated with the implantation and use of the ICD device in question, as well as plaintiff's signed written consent form, which confirmed plaintiff's understanding of those risks (see Thompson v Hall, 191 AD3d 1265, 1266 [4th Dept 2021]; Gray v Williams, 108 AD3d 1085, 1086 [4th Dept 2013]). In opposition, plaintiff, by not submitting an expert opinion as to the qualitative insufficiency of the written consent, failed to raise a triable issue of fact (see Thompson, 191 AD3d at 1266-1267; cf. Gray, 108 AD3d at 1087; see generally CPLR 4401-a; Evans v Holleran, 198 AD2d 472, 474 [2d Dept 1993]).
We reject plaintiff's contention that the court should have denied the motion, or granted a continuance, to permit additional discovery pursuant to CPLR 3212 (f). Plaintiff's "mere hope or [*2]speculation that further discovery will lead to evidence sufficient to defeat defendant['s] . . . motion is insufficient to warrant denial thereof" (Austin v CDGA Natl. Bank Trust & Canandaigua Natl. Corp., 114 AD3d 1298, 1301 [4th Dept 2014] [internal quotation marks omitted]).
Plaintiff's contentions that the court was biased against him and that defendant or defense counsel committed fraud upon the court are belied by the record (see Sang Seok Na v Pulvers, Pulvers & Thompson, LLP, 224 AD3d 599, 600 [1st Dept 2024]; Matter of Brooks v Greene, 153 AD3d 1621, 1622 [4th Dept 2017]).
We have reviewed plaintiff's remaining contentions and conclude that they are either without merit or not preserved for our review.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court