Rashada v Ahmed
2026 NY Slip Op 04061
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

DYENA RASHADA, PLAINTIFF-APPELLANT-RESPONDENT,
v
SADIA N. AHMED, M.D., AHMED & AHMED PHYSICIANS, P.C., DOING BUSINESS AS SUBURBAN RHEUMATOLOGY, AND ERIC L. SNITZER, M.D., DEFENDANTS-RESPONDENTS-APPELLANTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
291 CA 25-00267
Present: Whalen, P.J., Bannister, Montour, Greenwood, And Hannah, JJ.

LAW OFFICE OF J. MICHAEL HAYES, BUFFALO (J. MICHAEL HAYES OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
EAGAN & HEIMER PLLC, BUFFALO (LAUREN A. HEIMER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS SADIA N. AHMED, M.D., AND AHMED & AHMED PHYSICIANS, P.C., DOING BUSINESS AS SUBURBAN RHEUMATOLOGY.
ROACH BROWN MCCARTHY & GRUBER, P.C., BUFFALO (MARK D. ARCARA OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT ERIC L. SNITZER, M.D.

Appeal and cross-appeals from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered February 7, 2025, in a medical malpractice action. The order denied the motion of plaintiff for summary judgment and denied the cross-motions of defendants for summary judgment.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the cross-motion of defendant Eric L. Snitzer, M.D., in part and dismissing the complaint, as amplified by the bill of particulars, insofar as it asserts a claim of negligence against him for his failure to recommend a biopsy of the mass in plaintiff's hand and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries she allegedly sustained as a result of, inter alia, defendants' failure to timely diagnose and treat a synovial sarcoma (cancer) in her left hand. Plaintiff treated with Sadia N. Ahmed, M.D. and Ahmed & Ahmed Physicians, P.C., doing business as Suburban Rheumatology (collectively, Ahmed defendants), for left hand pain and swelling for several years. Due to worsening pain, the Ahmed defendants ordered an MRI, which was obtained in 2018 and interpreted by defendant Eric L. Snitzer, M.D., a radiologist. In his report, Snitzer stated that the MRI showed a mass in the left hand but did not indicate the presence of cancer. Plaintiff continued treatment with the Ahmed defendants for three more years and, after plaintiff experienced worsening pain, the Ahmed defendants ordered another MRI in 2021. A nonparty radiologist read the 2021 MRI and recommended a biopsy of the mass within the hand. The biopsy revealed cancer, which required the amputation of plaintiff's left hand. According to plaintiff, the Ahmed defendants were negligent in failing to properly diagnose and treat plaintiff's condition and in failing to recommend a biopsy of the mass in her hand after the 2018 MRI. Plaintiff further alleged that Snitzer was negligent in failing to properly interpret the 2018 MRI and in failing to recommend a biopsy following that MRI. Plaintiff moved for, inter alia, summary judgment on the complaint, and the Ahmed defendants and Snitzer separately cross-moved for summary judgment dismissing the complaint and all cross-claims against them. Plaintiff appeals and defendants cross-appeal from an order denying the motion and cross-motions.
To meet her initial burden on the motion of establishing entitlement to judgment as a matter of law, plaintiff must demonstrate that defendants "deviated from acceptable medical practice, and that such deviation was a proximate cause of . . . plaintiff's injury" (James v Wormuth, 21 NY3d 540, 545 [2013]; see generally Clune v Moore, 142 AD3d 1330, 1331 [4th Dept 2016]; Salter v Deaconess Family Medicine Ctr. [appeal No. 2], 267 AD2d 976, 976 [4th Dept 1999]). Here, contrary to plaintiff's contention on appeal, we conclude that plaintiff failed to meet her initial burden with respect to the Ahmed defendants and Snitzer inasmuch as plaintiff submitted the testimony of Ahmed and Snitzer, which raised issues of fact whether defendants deviated from the applicable standard of care (see generally Giancarlo v Kurek, 160 AD3d 1368, 1369 [4th Dept 2018]; Reading v Fabiano, 137 AD3d 1686, 1687 [4th Dept 2016]). Having failed to meet her initial burden on the element of deviation, plaintiff's motion required denial without consideration of the sufficiency of defendants' opposition papers (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Gumkowski v Schwaab, 244 AD3d 1755, 1757 [4th Dept 2025]; Sawyer v Kaleida Health, 112 AD3d 1341, 1341-1342 [4th Dept 2013]).
With regard to the cross-appeals, defendants were required to meet their initial burden by "present[ing] factual proof, generally consisting of affidavits, deposition testimony and medical records, to rebut the claim of malpractice by establishing that [they] complied with the accepted standard of care or did not cause any injury to the patient" (Webb v Scanlon, 133 AD3d 1385, 1386 [4th Dept 2015] [internal quotation marks omitted]; see Isensee v Upstate Orthopedics, LLP, 174 AD3d 1520, 1521 [4th Dept 2019]; Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017]). A defendant physician may submit their own affidavit to meet that burden (see Groff v Kaleida Health, 161 AD3d 1518, 1520 [4th Dept 2018]), but that affidavit "must be detailed, specific and factual in nature and [must] not assert in simple conclusory form that the physician acted within the accepted standards of medical care" (Isensee, 174 AD3d at 1521 [internal quotation marks omitted]; see Webb, 133 AD3d at 1386). Furthermore, "the expert affidavit must address each of the specific . . . claims of negligence raised in [the] plaintiff['s] bill of particulars" (Isensee, 174 AD3d at 1521 [internal quotation marks omitted]; see Wulbrecht v Jehle, 89 AD3d 1470, 1471 [4th Dept 2011]). "Once the defendant meets [their] burden, the burden shifts to [the] plaintiff to raise an issue of fact by submitting a physician's affidavit" (Groff, 161 AD3d at 1520 [internal quotation marks omitted]); the burden shifts "only as to the elements on which the defendant met the prima facie burden" (Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019] [internal quotation marks omitted]).
We conclude that the Ahmed defendants met their initial burden on the cross-motion with respect to both elements through the submission of Ahmed's affirmation, which was "detailed, specific and factual in nature" and addressed each negligence claim raised in plaintiff's bill of particulars (Stradtman v Cavaretta [appeal No. 2.], 179 AD3d 1468, 1469 [4th Dept 2020] [internal quotation marks omitted]; see also Lewis v Sulaiman, 217 AD3d 1443, 1444 [4th Dept 2023]; Groff, 161 AD3d at 1520). We further conclude that, in opposition to the Ahmed defendants' cross-motion, plaintiff raised a triable issue of fact with respect to both deviation and proximate cause with the submission of expert affirmations from a rheumatologist and a plastic surgeon (see Allman v Roswell Park Cancer Inst. Corp., 239 AD3d 1341, 1342-1343 [4th Dept 2025]; Leberman v Glick, 207 AD3d 1203, 1205 [4th Dept 2022]; Cooke v Corning Hosp., 198 AD3d 1382, 1383-1384 [4th Dept 2021]). To the extent that the Ahmed defendants contend that plaintiff's expert was not qualified to render an opinion, that contention is improperly raised for the first time on appeal (see White v Bajwa, 161 AD3d 1513, 1516 [4th Dept 2018]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
We conclude that Snitzer met his initial burden on the cross-motion with respect to the element of causation. Indeed, Snitzer submitted the affirmation of an expert orthopedic surgical oncologist who opined that plaintiff's cancer existed for several years before the 2018 MRI that was interpreted by Snitzer and, at that time, the cancer was of a size and location that made any limb salvaging treatments unrealistic (see generally Bubar, 177 AD3d at 1359). However, plaintiff raised an issue of fact regarding causation by submitting the expert affirmation of the plastic surgeon who opined that Snitzer's improper interpretation of the 2018 MRI resulted in a delay of her cancer diagnosis and decreased a chance of limb salvage surgery (see generally Finnegan v Kasowitz, 239 AD3d 1337, 1338 [4th Dept 2025]; Leberman, 207 AD3d at 1205-1206).
We reject Snitzer's contention that plaintiff's expert plastic surgeon lacked "the requisite skill, training, education, knowledge or experience from which it can be assumed that [the expert's] opinion
. . . is reliable" (Payne v Buffalo Gen. Hosp., 96 AD3d 1628, 1629-1630 [4th Dept 2012] [internal quotation marks omitted]; see Fay v Satterly, 158 AD3d 1220, 1221 [4th Dept 2018]). It is well settled that "[a] physician need not be a specialist in a particular field to qualify as a medical expert and any alleged lack of knowledge in a particular area of expertise [would] go[ ] to the weight and not the admissibility of the testimony" (Moon Ok Kwon v Martin, 19 AD3d 664, 664 [2d Dept 2005]; see also Borawski v Huang, 34 AD3d 409, 410-411 [2d Dept 2006]; Corcino v Filstein, 32 AD3d 201, 202 [1st Dept 2006]). Further, contrary to Snitzer's contention, the expert opinion of the plastic surgeon was properly considered by Supreme Court "inasmuch as . . . it does not misstate[ ] the facts in the record and it is not vague, conclusory, [or] speculative" (Fargnoli v Warfel, 186 AD3d 1004, 1005 [4th Dept 2020] [internal quotation marks omitted]; cf. Bubar, 177 AD3d at 1362), and "squarely opposes the affirmation of the moving part[y's] expert, . . . result[ing] [in] a classic battle of the experts that is properly left to a jury for resolution" (Nowelle B. v Hamilton Med., Inc., 177 AD3d 1256, 1258 [4th Dept 2019] [internal quotation marks omitted]; see Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]).
We agree with Snitzer, however, that the court erred in denying that part of his cross-motion with respect to the claim that he was negligent for failing to recommend a biopsy inasmuch as he, as a radiologist, did not "assume[ ] a general duty of care to schedule or urge further testing, or [to] diagnose [or treat plaintiff's underlying] medical condition[ ]" (Martingano v Hall, 188 AD3d 1638, 1641 [4th Dept 2020], lv denied 36 NY3d 912 [2021] [internal quotation marks omitted]; see Neyman v Doshi Diagnostic Imaging Servs., P.C., 153 AD3d 538, 546 [2d Dept 2017]; see generally Mann v Okere, 195 AD3d 910, 912 [2d Dept 2021]). We therefore modify the order accordingly.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court