■ PATRICIA A. CONNELLY, Individually and as Conservatrix of PATRICK CONNELLY, Respondent-Appellant, v DONALD

WARNER et al., Appellants-Respondents. [670 NYS2d 293] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Patrick Connelly, plaintiff's conservatee, was admitted to the emergency room of defendant Olean General Hospital (Olean General) with a strangulated hernia and perforated viscus. While there, he aspirated his stomach contents into his lungs, developed pulmonary problems, and became ventilator-dependent. Following surgery, he was taken to the Intensive Care Unit, where he developed adult respiratory distress syndrome. Shortly thereafter, he was transferred to the surgical Intensive Care Unit of defendant Buffalo General Hospital (Buffalo General). While at Buffalo General, he became extubated from his ventilator while his assigned registered nurse was out of the room.

The medical malpractice cause of action against defendants Donald Warner, M.D., Sunny Smith, CRNA, and Olean General (Olean General defendants) alleges that they were negligent in "failing to take proper precautions against aspiration before and during the attempted intubation, failing to use proper technique during intubation and in being otherwise careless and negligent". The Olean General defendants assert in their answer that plaintiff's conservatee contributed to his damages by reason of his culpable conduct. In a supplemental bill of particulars, plaintiff alleges that Warner was negligent "in failing to advise Patrick Connelly of the risks associated with intubation without prior insertion of a naso-gastric tube, and of the reason for insertion of a naso-gastric tube". Warner cross-moved and Smith and Olean General (cross-)moved to strike that allegation from the supplemental bill of particulars on the ground that plaintiff improperly alleged lack of informed consent. Plaintiff argued that the allegation is in response to the defense of culpable conduct and conceded that she does not seek damages based on lack of informed consent. Supreme Court erred in denying the cross motions.

The complaint is based solely on medical malpractice and does not contain a separate cause of action for lack of informed consent. Public Health Law § 2805-d requires, in pertinent part, that such a cause of action be based on "non-emergency treatment, procedure or surgery" (Public Health Law § 2805-d [2] [a]). The surgery herein was of an emergency nature, and thus there is no cause of action based on lack of informed consent. We reject plaintiff's contention that the supplemental bill of particulars responds to the affirmative defense of culpable conduct. The purpose of a bill of particulars is to amplify

pleadings, limit issues, and apprise the court and the parties of those items the pleader expects to prove (*see, Sager v Rochester Gen. Hosp.*, 170 AD2d 949). "[A] party is required to serve a bill of particulars only of that of which the party has the burden of proof" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3041:6, at 482).

Based on the allegations in the complaint, plaintiff has the burden of establishing that the Olean General defendants were negligent in attempting to intubate plaintiff's conservatee. The Olean General defendants have the burden of proving the affirmative defense that plaintiff's conservatee was at fault. Inasmuch as plaintiff does not have the burden to prove that Warner failed to advise plaintiff's conservatee of the risks associated with intubation without insertion of a naso-gastric tube, the court should have stricken that allegation from the supplemental bill of particulars. We note, however, that, if the Olean General defendants introduce evidence of the culpable conduct of plaintiff's conservatee, plaintiff is not precluded from introducing evidence that Warner failed so to advise plaintiff's conservatee. We further note that plaintiff may not recover separate damages based on Warner's alleged failure to advise.

We reject plaintiff's contention that the court erred in failing to strike the affirmative defenses of culpable conduct and assumption of the risk from the various answers. There are issues of fact whether plaintiff's conservatee was informed of the risk associated with not having a naso-gastric tube inserted and not having his stomach pumped prior to surgery. Similarly, there are issues of fact whether plaintiff's conservatee became self-extubated while at Buffalo General.

Finally, the court properly denied the cross motions of Buffalo General and defendant Beverly Horvath, R.N., for summary judgment dismissing the complaint against them. In response to the cross motions, plaintiff submitted the affidavits of a licensed physician and a registered nurse who opined that Buffalo General and Horvath departed from accepted standards of medical and nursing care in the care of plaintiff's conservatee.

Therefore, we modify the order by granting the cross motions of Warner and of Smith and Olean General and striking the allegations of lack of informed consent from plaintiff's supplemental bill of particulars and otherwise affirm. (Appeals from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Denman, P. J., Pine, Hayes, Balio and Boehm, JJ.