■ NICOLAOS LEGAKIS et al., Respondents, v NEW YORK WESTCHESTER SQUARE MEDICAL CENTER, Defendant, and PREMIER ORTHOPEDICS & SPORTS MEDICINE, P.C., et al., Appellants. [42 NYS3d 17]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about October 9, 2015, which granted plaintiffs' motion for partial summary judgment on the issue of liability as against defendant Sanjiv Bansal, M.D., unanimously modified, on the law, upon a search of the record, to also grant partial summary judgment as against defendant Premier Orthopedics & Sports Medicine, P.C. (Premier), and otherwise affirmed, without costs.

In this medical malpractice action, plaintiffs established entitlement to judgment as a matter of law on the issue of liability by relying on the medical records and on Dr. Bansal's deposition testimony in which he admitted that during arthroscopic surgery on the injured plaintiff's knee, he committed "an error" by placing a hot mallet on plaintiff's left thigh and abdomen, resulting in burns to those body parts. Under the circumstances, plaintiffs were not obliged to come forward with an expert opinion to establish their prima facie case (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 496-497 [1997]).

In opposition, defendants failed to raise a triable issue of fact. In an affidavit, Bansal attempted to explain that, although he had testified during his deposition that he made an "error" in laying the mallet down on plaintiff during the surgery, he did not commit malpractice because the ultimate responsibility was on the operating room staff. However, Dr. Bansal also acknowledged that the mallet was "exceedingly hot" and he felt it was warm, and thus, knew, or in the exercise of reasonable care, should have known, not to place the mallet onto plaintiff.

Defendants' argument that summary judgment should not have been granted based on the doctrine of res ipsa loquitur is unavailing (*cf. Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]), since plaintiffs moved for summary judgment based on Dr. Bansal's testimony and the medical records, without invoking the doctrine. In any event, this is the rare case in which the "prima facie proof is so convincing that the inference of negligence arising therefrom is inescapable and unrebutted," so that summary judgment on liability is proper (*Thomas v New York Univ. Med. Ctr.*, 283 AD2d 316, 317 [1st Dept 2001] [internal quotation marks omitted]).

Although the order on appeal only granted partial summary judgment as against Dr. Bansal, plaintiffs also sought the same relief against Premier, and all parties on appeal treat the order as having granted relief against both Dr. Bansal and Premier, who have both appealed therefrom. Since summary judgment was properly granted as against Dr. Bansal, it should likewise be granted as to his corporation, Premier (*see Tart v New York Bronx Pediatric Medicine, P.C.*, 116 AD3d 515, 516 [1st Dept 2014]). Concur—Mazzarelli, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.