Ruiz v Reiss (2020 NY Slip Op 01396)





Ruiz v Reiss


2020 NY Slip Op 01396


Decided on February 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2020

Manzanet-Daniels, J.P., Kapnick, Gesmer, Oing, JJ.


11153 23953/15E

[*1] Brenda Ruiz, Plaintiff-Respondent,
v
Andrzej J. Reiss, M.D., Defendant, Bronx Lebanon Hospital Center, Defendant-Appellant.


Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for appellant.
Krentsel & Guzman, LLP, New York (Marcia K. Raicus of counsel), for respondent.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about July 16, 2019, which, insofar as appealed from, denied that part of the motion of defendant Bronx Lebanon Hospital Center (Bronx Lebanon) for summary judgment dismissing plaintiff's claim that she received negligent treatment at Bronx Lebanon on February 4, 2015, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Plaintiff's expert relied on a new theory of liability in opposition to Bronx Lebanon's motion for summary judgment, which was not encompassed in the pleadings (see e.g. Hinson v Anderson, 159 AD3d 494 [1st Dept 2018]). Thus, such theory of liability should not have been considered (id.).
In any event, plaintiff's expert failed to raise a triable issue of fact in opposition to Bronx Lebanon's prima facie showing. The expert failed to address the opinions and conclusions of Bronx Lebanon's expert regarding plaintiff's clinical presentation upon arrival at the hospital on February 4, 2015, at which time fetal monitoring, a sonogram, and a pelvic examination all indicated no fetal distress and that plaintiff was not in labor (see Rotante v New York Presbyt. Hosp.-N.Y. Weill Cornell Med. Ctr., 175 AD3d 1142, 1143 [1st Dept 2019]). Furthermore, the opinion of plaintiff's expert that, had plaintiff been admitted, monitored, and administered certain medications to accelerate fetal brain and lung growth, the fetus would not have died in utero was conclusory. Specifically, the expert failed to provide the "requisite nexus between the malpractice allegedly committed and the harm suffered," which was necessary in view of the medical evidence that a bacteria infection was the cause of the intrauterine fetal death (Foster-
Sturrup v Long, 95 AD3d 726, 727-28 [1st Dept 2012] [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2020
CLERK