Wicks v Virk (2021 NY Slip Op 05209)





Wicks v Virk


2021 NY Slip Op 05209


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


712 CA 20-01013

[*1]LAKEYSHA WICKS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF KELVIN BRADLEY, DECEASED, PLAINTIFF-APPELLANT,
v
AMARJIT SINGH VIRK, M.D., BUFFALO GENERAL HOSPITAL AND KALEIDA HEALTH, DEFENDANTS-RESPONDENTS. 






BROWN CHIARI LLP, BUFFALO (TIMOTHY M. HUDSON OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
BROWN, GRUTTADARO & PRATO, PLLC, ROCHESTER (JOHN M. CONIGLIO OF COUNSEL), FOR DEFENDANT-RESPONDENT AMARJIT SINGH VIRK, M.D. 
ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (MEGHANN N. ROEHL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS BUFFALO GENERAL HOSPITAL AND KALEIDA HEALTH. 


 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered April 23, 2020. The order granted the motions of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this medical malpractice action, plaintiff appeals from an order that granted defendants' respective motions for summary judgment dismissing the complaint against them. We affirm.
Defendant Amarjit Singh Virk, M.D. satisfied his initial burden on his motion with respect to both deviation and causation by submitting his own expert affidavit opining, with detailed reasoning, that he "did not deviate from good and accepted medical practice . . . and that [his] care and treatment of [the decedent] did not proximately cause [him] any injury" (Thompson v Hall, 191 AD3d 1265, 1267 [4th Dept 2021]; see Webb v Scanlon, 133 AD3d 1385, 1386 [4th Dept 2015]; see also Page v Niagara Falls Mem. Med. Ctr., 174 AD3d 1318, 1319-1320 [4th Dept 2019], lv denied 34 NY3d 908 [2020]). Plaintiff failed to raise a triable issue of fact in opposition because her expert's affidavit addressed neither the specific conclusions in Virk's affidavit nor many of the undisputed facts concerning the decedent's treatment (see Ruiz v Reiss, 180 AD3d 623, 623-624 [1st Dept 2020]; Pigut v Leary, 64 AD3d 1182, 1183 [4th Dept 2009]). Without a viable cause of action against Virk, there is no predicate for imposing vicarious liability on defendants Buffalo General Hospital and Kaleida Health (see Bagley v Rochester Gen. Hosp., 124 AD3d 1272, 1274 [4th Dept 2015]; Kukic v Grand, 84 AD3d 609, 610 [1st Dept 2011]; Simmons v Brooklyn Hosp. Ctr., 74 AD3d 1174, 1178 [2d Dept 2010], lv denied 16 NY3d 707 [2011]).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court