Cyrus v Rochester Regional Health & Unity Hosp. at Park Ridge (2022 NY Slip Op 03604)

Cyrus v Rochester Regional Health & Unity Hosp. at Park Ridge

2022 NY Slip Op 03604

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND BANNISTER, JJ.

228 CA 21-01094

[*1]OLIVE CYRUS, AS ADMINISTRATOR OF THE ESTATE OF LISTON CYRUS, DECEASED, PLAINTIFF-RESPONDENT,
v
ROCHESTER REGIONAL HEALTH AND UNITY HOSPITAL AT PARK RIDGE, DEFENDANTS-APPELLANTS. 

BOND, SCHOENECK & KING, PLLC, ROCHESTER (CLAIRE G. BOPP OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
LACY KATZEN LLP, ROCHESTER (PETER T. RODGERS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered July 28, 2021. The order granted the motion of plaintiff for summary judgment on the issue of liability. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, as administrator of the estate of her husband, Liston Cyrus (decedent), commenced this medical malpractice and wrongful death action alleging, inter alia, that several of defendants' employees were negligent in the care and treatment of decedent, including in their failure to diagnose and treat his aortic dissection, and that, as a result of that negligence, decedent sustained a ruptured aorta that caused his death. Defendants appeal from an order that, among other things, granted plaintiff's motion for summary judgment on the issue of liability. We affirm.
Contrary to defendants' contention, plaintiff met her initial burden on the motion of establishing her entitlement to judgment as a matter of law (see generally Peevey v Unity Health Sys., 196 AD3d 1139, 1140 [4th Dept 2021]; Legakis v New York Westchester Sq. Med. Ctr., 144 AD3d 549, 549 [1st Dept 2016]; Salter v Deaconess Family Medicine Ctr. [appeal No. 2], 267 AD2d 976, 976-977 [4th Dept 1999]). Here, "plaintiff[] submitted the [affirmation] of a medical expert who set forth his qualifications, and who stated, after having reviewed the hospital and medical records, that . . . defendants were negligent and that their negligence affected [decedent's] condition. Moreover, . . . plaintiff['s] medical expert set forth the specific factors appearing in the hospital and medical records which led him to his conclusions. Thus, contrary to [defendants'] arguments, the [affirmation] was sufficient to" meet plaintiff's burden on the motion (Menzel v Plotnick, 202 AD2d 558, 559 [2d Dept 1994]; cf. Dziwulski v Tollini-Reichert, 181 AD3d 1165, 1166 [4th Dept 2020], lv denied 37 NY3d 901 [2021]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Contrary to defendants' further contention, they failed to raise a triable issue of fact in opposition. Initially, we agree with defendants that Supreme Court erred in concluding that their expert lacked sufficient expertise to render an opinion concerning decedent's treatment, inasmuch as "[t]he specialized skills of [defendants'] expert as demonstrated through his board certifications, taken together with the nature of the medical subject matter of this action, are sufficient to support the inference that his opinion regarding decedent's treatment was reliable" (Bell v Ellis Hosp., 50 AD3d 1240, 1242 [3d Dept 2008]; see Fay v Satterly, 158 AD3d 1220, 1221 [4th Dept 2018]). Nevertheless, even after considering the affidavit of defendants' expert, we conclude that defendants failed to raise a triable issue of fact in opposition. In his affidavit, [*2]defendants' expert failed to address the specific conclusions in the affirmation of plaintiff's medical expert and, although the affirmation of plaintiff's expert was sufficient to establish the negligence of several of defendants' employees, defendants' expert in his affidavit addressed only the allegations concerning one of those employees (see generally Ruiz v Reiss, 180 AD3d 623, 623-624 [1st Dept 2020]; Pigut v Leary, 64 AD3d 1182, 1183 [4th Dept 2009]).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court