Ziemendorf v Yong B. Chi (2022 NY Slip Op 04465)

Ziemendorf v Yong B. Chi

2022 NY Slip Op 04465

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

385 CA 21-00881

[*1]GEORGE ZIEMENDORF AND DENISE ZIEMENDORF, PLAINTIFFS-RESPONDENTS,
v
YONG B. CHI, M.D., YONG B. CHI, M.D., P.L.L.C., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 

CONNORS LLP, BUFFALO (JOHN T. LOSS OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
MEYERS BUTH LAW GROUP, PLLC, ORCHARD PARK (PATRICK J. MALONEY OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered June 7, 2021. The order denied the motion of defendants Yong B. Chi, M.D. and Yong B. Chi, M.D., P.L.L.C. for summary judgment dismissing the second amended complaint and any cross claims against them. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the second amended complaint and any cross claims against defendants Yong B. Chi, M.D. and Yong B. Chi, M.D., P.L.L.C. are dismissed.
Memorandum: Plaintiffs commenced this medical malpractice action after George Ziemendorf (plaintiff) suffered an epidural abscess that left him partially paralyzed, alleging, inter alia, that Yong B. Chi, M.D. and Yong B. Chi, M.D., P.L.L.C. (defendants) failed to timely diagnose and treat the condition. Defendants appeal from an order denying their motion for summary judgment dismissing the second amended complaint and any cross claims against them, and we reverse.
In moving for summary judgment in a medical malpractice action, a defendant has "the initial burden of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff's injuries" (Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017] [internal quotation marks omitted]; see Isensee v Upstate Orthopedics, LLP, 174 AD3d 1520, 1521 [4th Dept 2019]). There is no dispute here that defendants met their initial burden on their motion with respect to both issues, and thus "the burden shifted to plaintiffs to raise triable issues of fact by submitting an expert's affidavit both attesting to a departure from the accepted standard of care and that defendants' departure from that standard of care was a proximate cause of the injur[ies]" (Isensee, 174 AD3d at 1522; see Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019]).
Even assuming, arguendo, that plaintiffs raised triable issues of fact with respect to whether defendants deviated from the accepted standard of care, we conclude that the opinion of plaintiffs' expert with respect to the issue of proximate cause was insufficient to defeat defendants' motion for summary judgment (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Simko v Rochester Gen. Hosp., 199 AD3d 1408, 1409-1410 [4th Dept 2021]). Where the plaintiff alleges that the defendant "negligently failed or delayed in diagnosing or treating a condition, a finding that the negligence was a proximate cause of an injury to the patient may be predicated on the theory that the defendant thereby diminished [the patient's] chance of a better outcome" (Clune v Moore, 142 AD3d 1330, 1331 [4th Dept 2016] [internal quotation marks omitted]; see Wolf v Persaud, 130 AD3d 1523, 1525 [4th Dept 2015]). [*2]However, expert assertions that are "vague, conclusory, speculative, and unsupported by the medical evidence in the record" are insufficient to raise a triable issue of fact (Occhino, 151 AD3d at 1871 [internal quotation marks omitted]; see Simko, 199 AD3d at 1410; Martingano v Hall, 188 AD3d 1638, 1640 [4th Dept 2020], lv denied 36 NY3d 912 [2021]). Here, plaintiffs' expert failed to offer anything other than a conclusory assertion that defendants' deviation from accepted standards of medical care caused plaintiff's injuries; indeed, although it appears that plaintiffs' theory of causation is that defendants' alleged failure or delay in diagnosing plaintiff with a spinal cord issue diminished his chances of a better outcome, plaintiffs' expert never actually renders that opinion. Inasmuch as plaintiffs failed to raise a triable issue of fact regarding causation, the court erred in denying the motion (see Martingano, 188 AD3d at 1640; see also Simko, 199 AD3d at 1409-1410).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court