Amber R. v Pediatric & Adolescent Urgent Care of W. N.Y., PLLC (2023 NY Slip Op 04063)

Amber R. v Pediatric & Adolescent Urgent Care of W. N.Y., PLLC

2023 NY Slip Op 04063

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND OGDEN, JJ.

543 CA 22-00821

[*1]AMBER R., AS ADMINISTRATOR OF THE ESTATE OF B. M.-R., DECEASED, PLAINTIFF-RESPONDENT,
v
PEDIATRIC & ADOLESCENT URGENT CARE OF WESTERN NEW YORK, PLLC, KATELYN JOHNSON-CLARK, D.O., DEFENDANTS-APPELLANTS, ET AL., DEFENDANT. 

GIBSON MCASKILL & CROSBY, LLP, BUFFALO (MELISSA L. ZITTEL OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
PENBERTHY LAW GROUP LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered March 25, 2022. The order, insofar as appealed from, denied in part the motion of defendants for summary judgment dismissing the amended complaint. 
It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs, the motion is granted in its entirety and the amended complaint is dismissed.
Memorandum: In this medical malpractice action, plaintiff, as the administrator of the estate of her deceased son, seeks damages arising from the death of her 27-day-old child, which occurred while he was being treated for flu-like symptoms at defendant Pediatric & Adolescent Urgent Care of Western New York, PLLC (the clinic). Following discovery, defendants moved for summary judgment dismissing the amended complaint. Supreme Court granted defendants' motion in part, dismissing almost all of the causes of action and claims against the clinic and defendant Katelyn Johnson-Clark, D.O. (collectively, clinic defendants), and dismissing all causes of action against defendant Kathleen Lillis, M.D., now known as Kathleen Grisanti, M.D. The court denied defendants' motion with respect to the claim that Johnson-Clark negligently placed an endotracheal tube (ET) in the infant. The clinic defendants appeal from the order insofar as it denied in part defendants' motion.
We agree with the clinic defendants that the court erred in failing to grant the motion in its entirety. "In moving for summary judgment in a medical malpractice action, a defendant has the initial burden of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff's injuries" (Ziemendorf v Chi, 207 AD3d 1157, 1157 [4th Dept 2022] [internal quotation marks omitted]; see Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017]).
Here, contrary to the court's determination, defendants met their initial burden of establishing entitlement to judgment as a matter of law (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Defendants submitted deposition testimony, medical records and expert affidavits that were "detailed, specific and factual in nature" and addressed "each of the specific factual claims of negligence raised in . . . plaintiff's bill of particulars" (Webb v Scanlon, 133 AD3d 1385, 1386 [4th Dept 2015] [internal quotation marks omitted]; see Nevarez v University of Rochester, 173 AD3d 1640, 1641 [4th Dept 2019]). Defendants' submissions established that the ET was properly placed and that proper placement was verified by multiple people through several different methods. Although Johnson-Clark and her staff did not verify [*2]proper placement with a CO2 monitor, that was due to the fact that the clinic did not have the correct size CO2 monitor for an infant. It is undisputed that a specialized transport team (STAT team) was called to transport the infant to a hospital, but they were delayed in transit. That STAT team thus asked Johnson-Clark to intubate the infant. When the STAT team eventually arrived to transport the infant to the hospital, those specialized medical professionals verified that the ET was properly placed using the same methods used by Johnson-Clark.
Defendants' submissions established that the ET became dislodged following commencement of cardiopulmonary resuscitation (CPR) and, at that point, the STAT team used their available and correctly-sized CO2 monitor to verify that the ET had become dislodged. Defendants also submitted an affidavit and an affirmation from experts, which established that CPR compressions can dislodge an ET through no fault of medical professionals. We note that the expert affirmation submitted by defendants established that nothing defendants did or did not do "contributed to the [death]" of the infant (Nowelle B. v Hamilton Med., Inc., 177 AD3d 1256, 1257 [4th Dept 2019]).
In opposition to the motion, plaintiff failed to raise a triable issue of fact regarding the placement of the ET. The clinic defendants correctly contend that the expert affirmation submitted by plaintiff in opposition to defendants' motion lacked the requisite foundation. Even if we were to assume, arguendo, that plaintiff's expert established a familiarity with the applicable standard of care by explaining his training in pediatrics (see generally Romano v Stanley, 90 NY2d 444, 452 [1997]), we agree with the court and the clinic defendants that the affirmation should not be considered inasmuch as the expert failed to identify all of the documents that he reviewed (see Dziwulski v Tollini-Reichert, 181 AD3d 1165, 1166 [4th Dept 2020], lv denied 37 NY3d 901 [2021]; Luu v Paskowski, 57 AD3d 856, 858 [2d Dept 2008]; cf. Stradtman v Cavaretta [appeal No. 2], 179 AD3d 1468, 1471 [4th Dept 2020]), and he failed to state that his opinions were based on a reasonable degree of medical certainty (see generally Matott v Ward, 48 NY2d 455, 459-460 [1979]).
We therefore reverse the order insofar as appealed from, grant defendants' motion in its entirety, and dismiss the amended complaint.
All concur except Bannister and Ogden, JJ., who dissent and vote to affirm in the following memorandum: We respectfully dissent. In our view, defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as it asserted a claim for medical malpractice with respect to the placement of the endotracheal tube (ET) in the infant (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). The medical records proferred by defendants established that, after a failed first intubation attempt with a 3.5 mm ET by defendant Katelyn Johnson-Clark, D.O., a physician with little training in the intubation process, Johnson-Clark attempted intubation using a smaller 3.0 mm ET. It is undisputed that there was no verification of the proper placement of that ET by way of an end-tidal CO2 detector. The medical records further establish that one minute after the placement of the ET, the infant's heart rate quickly dropped and one minute thereafter, the infant's belly was distended. Another physician testified at her deposition that both of those signs indicate that there was a potential issue with the intubation. When the specialized transport team arrived, it was determined by way of a CO2 detector that the ET was not in the proper place. Thus, we conclude that defendants' own submissions raise questions of fact whether Johnson-Clark acted negligently in the intubation of the infant and the motion was properly denied in part without regard to the sufficiency of plaintiff's opposition papers (see Winegrad, 64 NY2d at 853). We would therefore affirm that part of the order denying defendants' motion insofar as it seeks summary judgment dismissing the claim of malpractice related to the intubation of the infant.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court