Nuciola v Rochester Regional Health (2026 NY Slip Op 00727)

Nuciola v Rochester Regional Health

2026 NY Slip Op 00727

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

933 CA 25-00547

[*1]LASHAWNA NUCIOLA, PLAINTIFF-RESPONDENT,
vROCHESTER REGIONAL HEALTH, DOING BUSINESS AS ROCHESTER GENERAL HOSPITAL, KEVIN P. RAVILLE, M.D., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 

BOND, SCHOENECK & KING, PLLC, ROCHESTER (CLAIRE G. BOPP OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
TIVERON LAW PLLC, AMHERST (DIANE R. TIVERON OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Monroe County (Sam L. Valleriani, J.), entered March 27, 2025, in a medical malpractice action. The order, insofar as appealed from, denied that part of the motion of defendants-appellants seeking summary judgment dismissing plaintiff's amended complaint against them. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the amended complaint is dismissed in its entirety.
Memorandum: In this medical malpractice action, plaintiff alleged in her amended complaint, as amplified by her bill of particulars, that Rochester Regional Health, doing business as Rochester General Hospital, and Kevin P. Raville, M.D. (defendants) failed to timely diagnose and treat a duodenal ulcer and, specifically, that defendants failed to order a CT scan of her abdomen when she experienced pain that was refractory to narcotic pain medication. Defendants appeal from an order that, inter alia, denied their motion insofar as it sought summary judgment dismissing the amended complaint against them. We reverse the order insofar as appealed from.
On a summary judgment motion in a medical malpractice action, a defendant bears the initial burden "of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff's injuries" (Shakyra M. v Strittmatter, 240 AD3d 1197, 1198 [4th Dept 2025] [internal quotation marks omitted]; see Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019]). Here, we conclude that defendants met their initial burden with respect to both issues. Defendants submitted an expert affirmation that "address[ed] each of the specific factual claims of negligence raised in plaintiff's . . . bill of particulars . . . and was detailed, specific and factual in nature" (Lewis v Sulaiman, 217 AD3d 1443, 1444 [4th Dept 2023] [internal quotation marks omitted]; see Bubar, 177 AD3d at 1360-1361; cf. Wulbrecht v Jehle, 89 AD3d 1470, 1471 [4th Dept 2011]) and, moreover, defendants' evidence established that any such departure from the applicable standard of care did not proximately cause plaintiff's alleged injuries (see generally Page v Niagara Falls Mem. Med. Ctr., 174 AD3d 1318, 1319 [4th Dept 2019], lv denied 34 NY3d 908 [2020]). Thus, " 'the burden shifted to plaintiff[ ] to raise triable issues of fact by submitting an expert's affidavit both attesting to a departure from the accepted standard of care and that defendants' departure from that standard of care was a proximate cause of the injur[ies]' " (Ziemendorf v Chi, 207 AD3d 1157, 1157-1158 [4th Dept 2022]).
"Even assuming, arguendo, that plaintiff[ ] raised triable issues of fact with respect to [*2]whether defendants deviated from the accepted standard of care," we conclude that "the opinion of plaintiff['s] expert with respect to the issue of proximate cause was insufficient to defeat defendants' motion for summary judgment" (id. at 1158). Indeed, plaintiff's expert did not refute the opinion of defendants' expert that plaintiff's duodenal ulcer perforated after she was discharged from the hospital, nor did plaintiff's expert opine that, had the CT scan shown the presence of a non-perforated duodenal ulcer, defendants could have taken some action to treat it or prevent it from perforating (see generally Humbolt v Parmeter, 196 AD3d 1185, 1188 [4th Dept 2021]). Inasmuch as plaintiff's expert "failed to offer anything other than a conclusory assertion that defendants' deviation from accepted standards of medical care caused plaintiff's injuries" (Ziemendorf, 207 AD3d at 1158), Supreme Court erred insofar as it denied defendants' motion.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court