Heather J. v Rochester Regional Health (2026 NY Slip Op 01880)

Heather J. v Rochester Regional Health

2026 NY Slip Op 01880

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND
DELCONTE, JJ.

110 CA 25-00120

[*1]HEATHER J. AND ANTONIO T., AS PARENTS AND
NATURAL GUARDIANS OF CHASE T., A MINOR, PLAINTIFFS-RESPONDENTS,
vROCHESTER REGIONAL HEALTH, UNITY HOSPITAL AND
GENEA I. HASKIN, R.N., DEFENDANTS-APPELLANTS. 

BROWN, GRUTTADARO & PRATO, PLLC., ROCHESTER (HALI S.
BUCKLEY OF COUNSEL), FOR DEFENDANTS-APPELLANTS ROCHESTER
REGIONAL HEALTH AND UNITY HOSPITAL.
REBAR KELLY LLC, NEW YORK CITY (JAYNE L. BRAYER OF COUNSEL),
FOR DEFENDANT-APPELLANT GENEA I. HASKIN, R.N. 
JANET, JANET & SUGGS, LLC, BALTIMORE, MARYLAND (ANDREW
JANET OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

 Appeals from an order of the Supreme Court, Monroe County (James A. Vazzana,
J.), entered August 5, 2024, in a medical malpractice action. The order denied the motion
of defendant Genea I. Haskin, R.N., for summary judgment and denied in part the motion
of defendants Rochester Regional Health and Unity Hospital for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on
the law by granting in part the motion of defendants Rochester Regional Health and Unity
Hospital and striking the allegations against those defendants of lack of informed consent
from plaintiffs' amended bill of particulars and by dismissing the claims of medical
malpractice against those defendants to the extent that they are not based on the alleged
medical malpractice of defendant Genea I. Haskin, R.N., and as modified the order is
affirmed without costs.
Memorandum: Plaintiffs commenced this medical malpractice action seeking
damages for injuries sustained by their son during his birth as a result of the alleged
medical malpractice of defendants Rochester Regional Health and Unity Hospital
(collectively, Hospital defendants) and Genea I. Haskin, R.N., in failing to timely
diagnose, respond to, and treat a uterine rupture. Following discovery, the Hospital
defendants and Haskin separately moved for summary judgment dismissing the complaint
against them. Supreme Court denied the Hospital defendants' motion in part and denied
Haskin's motion in its entirety. The Hospital defendants and Haskin separately
appeal.
We agree with the Hospital defendants that the court erred in denying that part of
their motion seeking, in effect, to strike the allegations of lack of informed consent from
plaintiffs' amended bill of particulars to the Hospital defendants, and we modify the order
accordingly. "[A] bill of particulars is intended to amplify the pleadings, limit the proof,
and prevent surprise at trial . . . Whatever the pleading pleads, the bill must particularize
since the bill is intended to [afford] the adverse party a more detailed picture of the claim
. . . being particularized . . . A bill of particulars may not be used to allege a new theory
not originally asserted in the complaint" (Darrisaw v Strong Mem. Hosp., 74 AD3d 1769, 1770 [4th
Dept 2010], affd 16 NY3d 729 [2011] [internal quotation marks omitted]; see
Sebring v Wheatfield Props. Co., 255 AD2d 927, 928 [4th Dept 1998]). For those
purposes, "[l]ack of informed consent is a distinct theory of medical malpractice liability
rooted in a specific professional duty to reasonably inform and [*2]obtain consent from the patient," and claims for traditional
medical malpractice and lack of informed consent " 'comprise[ ] different elements' "
(SanMiguel v Grimaldi, — NY3d —, —, 2025 NY Slip Op
05780, *3 [2025]; see Raymond
v Ryken, 98 AD3d 1265, 1266 [4th Dept 2012]). Here, we conclude that "[t]he
complaint is based solely on [traditional] medical malpractice and does not contain a
separate cause of action for lack of informed consent" (Connelly v Warner, 248
AD2d 941, 942 [4th Dept 1998]) and that a review of the allegations in the complaint
does not support the conclusion that the distinct theory of lack of informed consent was "
'sufficiently pleaded to avoid surprise and prejudice to [the Hospital] defendants' " (Clark v Cucinotta, 229 AD3d
1106, 1107 [4th Dept 2024]; see Connelly, 248 AD2d at 942-943). Inasmuch
as plaintiffs' complaint does not presently plead a cause of action for lack of informed
consent, the allegations in plaintiffs' amended bill of particulars relating to lack of
informed consent must be stricken (see Connelly, 248 AD2d at 942-943).
Contrary to Haskin's contention, we conclude that the court properly denied her
motion for summary judgment. Haskin met her initial burden of establishing her
entitlement to judgment as a matter of law on deviation from the accepted standard of
care through the submission of an expert affidavit that was "detailed, specific and factual
in nature[,] . . . addressed each negligence claim raised in [plaintiffs' amended] bill of
particulars" relating to her (Kristie M. v Mercy Hosp. of Buffalo, 240 AD3d 1228,
1229 [4th Dept 2025] [internal quotation marks omitted]), and opined that Haskin did not
deviate from good and accepted medical practice (see Nesterenko v Hall, 239 AD3d 1314, 1315 [4th Dept
2025]; Wicks v Virk, 198
AD3d 1315, 1315 [4th Dept 2021]; Webb v Scanlon, 133 AD3d 1385, 1386 [4th Dept 2015]).
The burden then shifted to plaintiffs "to raise triable issues of fact by submitting an
expert's affidavit . . . attesting to a departure from the accepted standard of care"
(Nesterenko, 239 AD3d at 1315 [internal quotation marks omitted]; see Ziemendorf v Chi, 207
AD3d 1157, 1157-1158 [4th Dept 2022]). In opposition, plaintiffs submitted an
expert affidavit of an obstetrician/gynecologist opining that Haskin deviated from the
accepted standard of care by, inter alia, failing to properly monitor the fetal heart rate,
with the result that the attending obstetrician received untimely notice of the uterine
rupture, which " 'squarely opposes' " the affidavit of Haskin's expert and results in " 'a
classic battle of the experts that is properly left to a jury for resolution' " (Mason v Adhikary, 159 AD3d
1438, 1439 [4th Dept 2018]).
Contrary to the Hospital defendants' contention, plaintiffs' assertion that Haskin was
acting as their agent is not raised for the first time on appeal. We further agree with
plaintiffs that the Hospital defendants failed to meet their initial burden of establishing as
a matter of law that, because Haskin was a traveling nurse contracted to work at Unity
Hospital and not an employee, Unity Hospital did not " 'maintain[ ] control over the
manner and means of [her] work' " and plaintiffs did not " 'reasonably believe[ ] that [she
was] provided by the hospital or acted on the hospital's behalf' " (Pasek v Catholic Health Sys., Inc., 195 AD3d 1381, 1382
[4th Dept 2021]; see Torns v Samaritan Hosp., 305 AD2d 965, 966-967 [3d Dept
2003]). Thus, inasmuch as the court properly found triable issues of fact with respect to
the malpractice claim against Haskin, summary judgment dismissing the related vicarious
liability claim against the Hospital defendants based upon the alleged malpractice of
Haskin was properly denied (see
Pezulich v Grecco, 206 AD3d 827, 829 [2d Dept 2022]; Wilk v James, 107 AD3d
1480, 1484-1485 [4th Dept 2013]).
However, we agree with the Hospital defendants that the court erred in not dismissing
the remaining claims against them. The Hospital defendants met their initial burden of
establishing their entitlement to judgment as a matter of law on deviation, with respect to
plaintiffs' claims of direct liability against the Hospital defendants and vicarious liability
of the Hospital defendants for the alleged malpractice of three of their employees, through
the submission of an expert affidavit that was "detailed, specific and factual in nature[,] . .
. addressed each negligence claim raised in [plaintiffs' amended] bill of particulars"
relating to them (Kristie M., 240 AD3d at 1229), and opined that the Hospital
defendants and the three employees did not deviate from good and accepted medical
practice (see Nesterenko, 239 AD3d at 1315; Wicks, 198 AD3d at 1315;
Webb, 133 AD3d at 1386). The burden then shifted to plaintiffs (see
Nesterenko, 239 AD3d at 1315; Ziemendorf, 207 AD3d at 1157-1158). The
affidavit of plaintiffs' expert obstetrician/gynecologist addressed the Hospital defendants'
conduct only with respect to the claim arising from Haskin's alleged failure to properly
monitor the fetal heart rate. By not submitting the requisite expert medical response in
opposition to the motion on the claims of [*3]direct
liability against the Hospital defendants and their vicarious liability regarding the actions
or omissions of the three employees, plaintiff failed to raise a triable issue of fact as to
those claims (see Nesterenko, 239 AD3d at 1315; Webb, 133 AD3d at
1387). The court thus erred in denying the Hospital defendants' motion insofar as it
sought to dismiss plaintiffs' claims for medical malpractice against them to the extent that
they are not based on the alleged medical malpractice of Haskin, and we further modify
the order accordingly.
In light of our determination, we do not reach the remaining contentions of the
Hospital defendants.
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court